1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

HOMY HONG-MING HSU,

    Defendant.

Case Number 11-cr-0488 RS (NC)

**ORDER DENYING MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

Re: Dkt. No. 43

This Court considers defendant Homy Hong-Ming Hsu's motion to modify the conditions of his pretrial release so that he may travel to Taiwan during the period February 3 to February 26. Hsu seeks to visit his family, including his ailing 82-year old father, during the Chinese New Year holiday. Dkt. Nos. 43, 49, 53. The United States opposes the motion. Dkt. No. 48. The U.S. Pretrial Services Office supports the motion, but with concerns about the amount and type of collateral posted as security for Hsu's return. The Court held a hearing on January 25. Although the Court considers this a close question, the motion is denied.

    The Court must evaluate whether there are conditions of release that will "reasonably assure the appearance" of Hsu at future court dates in this case. 18 U.S.C. § 3142(g). As set forth by statute, the Court must take into account the available information concerning: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any



DEFENDANT'S
EXHIBIT
B

1   person or the community that would be posed by release. *Id.*

2         Here, the government has not expressed any concerns about the dangerousness of Hsu's

3   release. The issue is whether there are conditions that would "reasonably assure" Hsu's return to

4   the United States for future court appearances if he were permitted travel to Taiwan.

5         Hsu is charged by indictment with a felony antitrust offense. He is a citizen and resident

6   of Taiwan, with minimal ties to the United States. He is employed in Taiwan by Eagle Eyes,

7   which is a co-defendant in this case. Hsu has no criminal record. Hsu was arrested on a federal

8   arrest warrant at Los Angeles International Airport while in international transit on his way to

9   Mexico. He has been released on bond since August 18, 2011. To secure his future

10  appearances, Hsu posted a $1 million bond, secured by $500,000 from his indicted employer, a

11  letter of credit that is secured by Hsu's home and family assets, and by a friend's home in the

12  United States. While on release, Hsu has been supervised by the U.S. Pretrial Services Office

13  and tracked by electronic monitoring. With permission, he has traveled to Los Angeles and Las

14  Vegas. He has complied with all conditions of release.

15        Trial in this case is set for June 2012. According to the parties, the government has

16  produced substantial written discovery to Hsu's counsel. According to the government, the

17  weight of this evidence is strong; defendant disagrees.

18        The Court does not doubt Hsu's sincere desire to visit his family in Taiwan. The Court

19  also recognizes the "important cultural imperative" presented by Chinese New Year. And the

20  fact that Hsu has complied with all conditions of release is in support of his motion.

21        Yet the Court is not convinced that Hsu should be permitted to Taiwan under these

22  circumstances. First, there is no extradition treaty between the United States and Taiwan, so

23  there is no procedure through which the United States could compel the return of Hsu if he were

24  to fail to return. Second, the U.S. State Department declares that the American Institute in

25  Taiwan is not authorized to enter into an "undertaking" with Hsu that would guarantee Hsu's

26  performance. Dkt. No. 48 at 5. Third, the Court finds that this case is different from the

27  individual defendants in the AU Optronics case, number 09-CR-0110 SI. In that case,

28  defendants were permitted travel to Taiwan, but they had voluntarily subjected themselves to

1   U.S. jurisdiction and had family ties in the United States.  Here, Hsu did not voluntarily face the

2   charges in the United States and has no family ties to this country.  Fourth, Hsu's employer and

3   co-conspirators will be highly motivated to discourage Hsu from returning to the United States.

4          At bottom, Hsu has not had a moment where he was at home in Taiwan and decided to

5   voluntarily travel to the United States to face serious felony charges that could result in him

6   being fined and sentenced to prison.  Once back home, he would likely face strong disincentives

7   from his employer, family, and co-conspirators to ever return to the United States.  Under these

8   circumstances, the motion to modify is denied.

9

10         IT IS SO ORDERED.

11

12         DATED: January 30, 2012

            NATHANAEL M. COUSINS
13          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 11-cr-0488 RS (NC)
ORDER RE MOTION
TO MODIFY                       3